COPY

COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

BELZER, KIMBERLY J. RN.
63 HAWTHORNE AVE
AKRON, OH 44303

Plaintiff          Case No.    CV-2008-11-8112

vs                 **SUMMONS**

AKRON GENERAL MEDICAL CENTER
400 WABASH AVE
AKRON, OH 44307

NOV 21 2008

DATE_____ SUMMONS ISSUED WITH____
COPIES OF_____ Compl., intc.
BY_____ Clerk _____ MAIL

Defendant

**To the following named defendants:**

AKRON GENERAL MEDICAL CENTER
400 WABASH AVE
AKRON, OH 44307

You have been named defendant(s) in a complaint filed in Summit County Court Of Common Pleas, Summit County Court House, Akron Ohio 44308, by :

BELZER, KIMBERLY J. RN.
63 HAWTHORNE AVE
AKRON, OH 44303

Plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:
JOHN F.. MYERS,
815 KEY BUILDING
159 SOUTH MAIN ST.
AKRON, OH 44308

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff, If he has no attorney of record.

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the complaint.

Certified Article Number
7160 3901 9845 9240 8752
SENDERS RECORD

Daniel M. Horrigan
Clerk, Court Of Common Pleas
Summit County, Ohio

November 22, 2008

By: s/ M. Randles  Deputy Clerk


EXHIBIT A

COPY

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KIMBERLY J. BELZER, RN,<br>63 Hawthorne Avenue<br>Akron, Ohio 44303, | ) | CASE NO.: 2008-11-8112 |
| | ) | |
| Plaintiff, | ) | JUDGE:<br>ASSIGNED TO JUDGE SPICER |
| | ) | COMPLAINT |
| v. | ) | (Type: Other Civil;<br>Employment Discrimination<br>and Wrongful Discharge;<br>Defamation; Libel; Slander<br>Jury Demand Endorsed Hereon.) |
| AKRON GENERAL<br>MEDICAL CENTER,<br>400 Wabash Avenue,<br>Akron, Ohio 44307, | ) | |
| Defendant. | ) | |

Plaintiff (hereinafter called the "former employee" and/or "Belzer"), for her several causes of action and claims for relief against the above-named defendants ("employer" and/or "AGMC"), hereby avers the following matters and things, as of all times pertinent.

### Background and Jurisdiction

1. The plaintiff (female) former employee Belzer, was originally hired by the defendant corporate employer in about April 1979; and Plaintiff was employed as a Registered Nurse in the Labor and Delivery department of AGMC from approximately 1982, through her unlawful termination on about May 22, 2008.

2. At all relevant times, Plaintiff is and was over 40 (forty) years of age.

3. The corporate defendant AGMC was and is a medical care provider operating at the above-given address and an employer within the meaning of the Ohio Civil Rights

1

COPY

Act (the "OCRA"), Chapter 4112, Ohio Revised Code ("R.C."), and specifically as provided in R.C. 4112.01(A)(2) of the OCRA.

4. At all relevant times, Plaintiff performed her job safely and satisfactorily; and her last formal Performance Review reflected that she was regarded as competent in her performance of her job.

5. Prior to 2008, Plaintiff had a satisfactory work record with AGMC.

6. During Plaintiff's nearly 26 years of AGMC employment, she was the subject of many commendations from both patients and from the defendant corporate employer, for her service, conduct and technical abilities.

7. At all relevant times, particularly in 2008, Plaintiff was subjected to discriminatory, disparate criticism and discipline, to which similarly situated AGMC employees, not of her protected class status, were not subjected.

8. In 2008 Plaintiff was disciplined for false and disputed conduct allegedly committed by Plaintiff nearly three years prior to said discipline, in about April 2005.

9. During 2008, Plaintiff was repeatedly disciplined for disputed, alleged acts and omissions, for which other employees, not of Plaintiff's protected class status, have not been reported or disciplined.

10. At all relevant times, Plaintiff was diagnosed with, and/or had a history of treatment for and/or was regarded as having a disabling condition; and said condition and/or perception constitutes a covered "handicap" within the meaning of R.C. 4112.01, *et seq.*

11. At all relevant times, Plaintiff's husband was and is a handicapped person within the meaning of R.C. 4112.01, *et seq.*

COPY

12. At all relevant times, defendants were aware of Plaintiff's disabling condition and/or perceived her as having such a condition and/or were aware of Plaintiff's treatment history.

13. At all relevant times, defendants were aware of Plaintiff's husband's handicapped status.

14. At all relevant times, Plaintiff engaged in activity protected under R.C. 4112; and all contrary claims are false and pretextual.

15. On or about May 22, 2008 Plaintiff was terminated from her AGMC employment.

16. At all relevant times, Plaintiff was disciplined and discharged for false and disputed "violations" of purported AGMC rules, for which similarly situated AGMC employees not of Plaintiff's protected class status have not been disciplined or discharged.

17. Said false and disputed discipline was, on its face, based on purely subjective information, received from third parties by Plaintiff's immediate supervisor, AGMC Manager Judy Ezzie, RN, at Ezzie's request.

18. Ezzie treated Plaintiff differently and less favorably than Plaintiff's coworkers, because of Plaintiff's age, her handicapped status or that of her husband (under R.C. 4112) and/or because Plaintiff engaged in activity protected under the OCRA, R.C. 4112.

19. The aforementioned false and disputed discipline was on account of Plaintiff's age and/or her actual or perceived handicapped status and/or her association with her handicapped husband and/or was retaliation for engagement in protected activity; and all contrary claims are a pretext for discrimination.

3

COPY

20. The aforementioned false and disputed discipline constituted discriminatory hostility and/or harassment, on account of Plaintiff's age and/or her actual or perceived handicapped status and /or her association with her handicapped husband and/or engagement in protected activity; and all contrary claims are a pretext for discrimination.

21. At all relevant times, defendants failed to adequately publish, maintain or enforce a clear and understandable workplace policy against discriminatory workplace hostility and/or discriminatory harassment.

22. The harassment and hostility to which Plaintiff was subjected was perpetrated and/or permitted by agents or managers of defendant AGMC.

23. Defendant knew or should have known that Plaintiff was being treated differently and/or badly because of her age and/or handicapped status and/or handicapped husband and/or for engaging in protected activity.

24. Plaintiff's termination was on account of her age and/or her actual or perceived handicapped status and /or her association with her handicapped husband and/or her engagement in protected activity; and all contrary claims are a pretext for discrimination.

25. At all relevant times, plaintiff was in full compliance with all published AGMC rules and policies governing workplace conduct; and all contrary claims are false and disputed.

26. Defendant's treatment of Plaintiff, as well as its permission and fostering of a hostile and/or harassing work environment, unreasonably interfered with plaintiff's ability to perform her job.

4

COPY

27. Plaintiff was replaced by, and/or her termination permitted the retention of personnel outside her protected class status.

28. This Court has jurisdiction over claims of employment discrimination, violative of R.C. 4112.02(A) of the OCRA, by virtue of R.C. 4112.99 and/or R.C. 4112.14 of the OCRA.

29. This Court has plenary jurisdiction over Plaintiff's Ohio common-law claims by virtue of Section 4, Article IV, Ohio Constitution and R.C. 2305.01.

### COUNT I (OCRA Violations)

30. All relevant, material and pertinent foregoing averments are reiterated.

31. By reason of the foregoing acts and omissions of age discrimination and/or handicap discrimination and/or retaliation in employment by the defendant employers, in violation of the OCRA, damages have been suffered by the plaintiff former employee in terms of Back and Front Pay and Compensatory and Punitive Damages.

### COUNT II (Negligence)

32. All relevant, material and pertinent foregoing averments are reiterated.

33. By reason of the foregoing and the negligent and/or reckless acts and/or omissions of defendants, and as a direct and proximate result and consequence, the plaintiff has been damaged in presently indeterminate sums to be proven at trial, in terms of Special Damages, Compensatory Damages and Future Damages (as aforesaid).

### COUNT III (False Light Invasion of Privacy)

34. All relevant, material and pertinent foregoing averments are reiterated.

35. The actions of Defendants constituted a violation of plaintiffs' rights to privacy and integrity in her professional reputation and standing, and as a direct and proximate

5

COPY

result and consequence, the Plaintiff has been injured in presently indeterminate sums to be proven at trial, in terms of Special Damages, Compensatory and Punitive Damages.

### COUNT IV (Intentional Infliction of Emotional Distress)

36. All relevant, material and pertinent foregoing averments are reiterated.

37. The aforesaid conduct toward plaintiff by defendants was unwelcome, not privileged, maliciously intended by defendants to cause severe emotional harm and defendant knew or should have known that its conduct would result in serious emotional distress to plaintiff.

38. Defendants conduct was outrageous and extreme beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized society.

39. Defendants' conduct was the proximate cause of plaintiff's severe emotional/psychic injury, and plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected top endure it.

40. By reason of the foregoing and defendants' intentional actions, and based upon Ohio common-law principles plaintiff has been damaged by defendants in indeterminate sums to be proven at trial, and punitive or exemplary damages ("Punitive Damages"), which ought to be awarded by reason of the deliberate, intentional, willful, wanton, malicious and/or reckless actions of individual defendants.

WHEREFORE plaintiff demands:

A. Judgment for plaintiff and against defendants, jointly and severally, on the respective Counts, for an amount in excess of $75,000.00 as and for Back and

COPY

Front Pay and Compensatory and Punitive Damages, plus an award of reasonable attorneys' fees on any Punitive Damages award;

B. Judgment for pre-judgment interest on any and all damage awards, plus costs; Such other and further relief and redress as is just and equitable under the circumstances; and

C. Trial by jury on all Counts and issues of law.

Respectfully submitted,

John F. Myers #0032779
Nancy Holland Myers #0037964
Holland Myers & Myers
159 South Main Street
Suite 825
Akron, Ohio 44308
(330) 535-1202
Fax: 330-535-0203
Attorneys for Plaintiff